UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EVELIN M.A., | Case No. 26-CV-156 (NEB/DLM) |
| Petitioner, | |
| v. | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary of Homeland Security, TODD M. LYONS, Acting Director of U.S. Immigration & Customs Enforcement, PETER BERG, Field Office Director for Enforcement and Removal Operations, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. DEPARTMENT OF HOMELAND SECURITY, SIRCE OWEN, Acting Director of Executive Office of Immigration Review, EXECUTIVE OFFICE OF IMMIGRATION REVIEW, JOHN DOE, Local Detention Authority, | |
| Respondents. | |

This matter is before the Court on Petitioner Evelin M.A.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Evelin M.A. is a citizen of Honduras who has lived in the United States since January 17, 2014, when she entered the country without inspection. (*Id.* ¶¶ 35, 37.) On August 2, 2018, an immigration judge issued an order of

removal. (ECF No. 5 ¶ 10.) Evelin M.A.'s appeal of that order is currently pending.[1] (*Id.*) There is no evidence in the record that Evelin M.A. has any criminal history.

On January 10, 2026,[2] Immigration and Customs Enforcement ("ICE") took Evelin M.A. into custody—without a warrant. (Pet. ¶ 2.) Afterwards, Evelin M.A. filed this habeas action challenging her detention under 28 U.S.C. § 2241.[3]

Evelin M.A. is one of hundreds of petitioners across the country who have challenged their custody without an individualized bond determination. Like those petitioners, Evelin M.A. argues she has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C.

---

[1] Because the appeal is pending, Evelin M.A. is not subject to a final order of removal. *See* 8 C.F.R. § 1241.1 (specifying when an order of removal becomes final). Respondents do not argue otherwise.

[2] Respondents assert that Evelin M.A. was taken into custody on January 11, 2026. (ECF No. 4 at 2.) Because this Petition was filed on January 10, 2026, the Court assumes that Evelin M.A. was detained no later than that date.

[3] Respondents note that ICE has transferred Evelin M.A. to El Paso, Texas and that she is "currently in immigration proceedings" there. (ECF No. 5 ¶¶ 12–13.) Because Respondents do not argue that these circumstances affect the Court's jurisdiction, the Court does not analyze it here.

§§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because she has been living in the United States since she entered the country over twelve years ago, Evelin M.A. asserts that Section 1226, rather than Section 1225, applies. (Pet. ¶¶ 37, 80.) She therefore argues that she is entitled to a bond hearing and that her detention under Section 1225(b)(2) violates the Fourth and Fifth Amendments, the INA and its implementing regulations, and the Administrative Procedure Act. (*Id.* ¶¶ 79–106.)

The Court has already concluded that petitioners similarly situated to Evelin M.A. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Evelin M.A. while she was entering the United States. Instead, she was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL

3

2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Evelin M.A.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint. (ECF No. 4 at 4–7.) The Court recognizes, but is not persuaded by, the minority viewpoint, including the additional cases cited by Respondents; it has already considered and rejected the minority viewpoint.[4]

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Evelin M.A. requests immediate release, while Respondents assert that a custody redetermination hearing would be the proper remedy. (Pet. ¶ 4; ECF No. 4 at 7.) Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn.

---

[4] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

Jan. 5, 2026); *Juan S.R. v. Bondi*, 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Evelin M.A. asserts that her arrest was warrantless. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Evelin M.A.'s detention in light of issues raised by the habeas petition. (ECF No. 3.) Respondents did not submit a warrant to support Evelin M.A.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Evelin M.A.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Evelin M.A.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a.    DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b.    ORDERS that Respondents immediately return Petitioner to Minnesota;

    c.    ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order; and

    d.    ORDERS that, within **two days**, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 23, 2026  
Time: 5:07 p.m.

BY THE COURT:  
s/Nancy E. Brasel  
Nancy E. Brasel  
United States District Judge